# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bank of America NA, | No. CV-17-08156-PCT-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| Robert A Janecek, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Bank of America's Motion for Default Judgment against Defendant Federal Postal Court pursuant to Federal Rule of Civil Procedure 55(b)(2). (Doc. 46.) For the reasons below, the Court will grant Plaintiff's Motion.

## I.     Background.

On August 2, 2017, Plaintiff initiated this action by filing a Complaint against Defendants Federal Postal Court, Robert A. Janecek, Cathy A. Janecek, Leighton Ward, and David Wynn Miller, seeking declaratory, injunctive and monetary relief for alleged violations of Arizona Revised Statute § 33-420. (Doc. 1.) In its Complaint, Plaintiff alleges Defendants recorded a fraudulent $11.7 million judgment against Plaintiff with the Federal Postal Court – which, despite its name, is not a court authorized by the laws of the United States of America or any other state or local law, but rather it is a sham institution that is the creation of Defendants Ward and Miller.

On August 29, 2017, the Court granted Plaintiff's Motion for leave to utilize

alternative method of service of process upon Defendant. (Doc. 40.) The Court allowed Plaintiff to serve the Summons and Complaint upon Defendant Federal Postal Court "(1) by mailing the papers via certified mail to the address listed on the Federal Postal Court's website (federalpostalcourt.org): P.O. Box 1001, Lake Havasu City, Arizona 86405; or (2) by personal service upon Leighton Ward, the purported 'Clerk of Court' for The Federal Postal Court." (*Id.* at 1.) On October 12, 2017, Plaintiff filed an Affidavit of Service upon the Federal Postal Court. (Doc. 33; Doc. 40 at 1.) In the Affidavit, Plaintiff claims to have mailed a copy of the Summons and Complaint by certified mail to Defendant's P.O. Box on August 30, 2017. (Doc. 33.) However, a certified mail receipt was not attached to Plaintiff's Affidavit. (Doc. 40 at 2.) The Court ordered Plaintiff file "an Affidavit of Service, with attached certified mail receipt, no later than November 9, 2017." (*Id.*)

On November 9, 2017, Plaintiff filed an affidavit of service with the Court regarding personal service upon Leighton Ward from August 17, 2017. (Doc. 41.) Therefore, Plaintiff served Leighton Ward prior to the Court granting leave to utilize an alternative method of service.

"Courts disagree on whether alternative means of service undertaken without court order may be authorized retroactively . . . . Compare *Brockmeyer [v. May]*, 383 F.3d [798], 806 [(9th Cir. 2004)] (Under Rule 4(f)(3), plaintiffs 'must obtain prior court approval for the alternative method.'), with *Marks v. Alfa Grp.*, 615 F. Supp. 2d 375, 379-80 (E.D. Pa. 2009) (retroactively authorizing plaintiffs' attempted service via FedEx)." *Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*, 766 F.3d 74, 83 (D.C. Cir. 2014). In this instance, the Court recognizes that Plaintiff has made every effort to serve Defendant Federal Postal Court, and notes that actual service was accomplished on Leighton Ward on August 17, 2017. (Doc. 22.) Accordingly, the Court finds that service on the Federal Postal Court was effective as of August 29, 2017 – the date the Court approved alternative service of the Federal Postal Court via personal service on Leighton Ward.

Under Rule 12(a) of the Federal Rules of Civil Procedure, "a defendant must serve an answer within 21 days of being served with the summons and complaint[.]" Fed. R. Civ. P. 12(a)(1)(A)(i). Therefore, Defendant's deadline to file an answer to Plaintiff's Complaint was no later than September 19, 2017. To date, the Court has not received an answer from Defendant.

## II.   Plaintiff's Motion for Default Judgment.

Once a party's default has been entered, the district court has discretion to grant default judgment against that party. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Once jurisdiction is satisfied, the court must determine whether default judgment is proper under the *Eitel* factors (detailed below). *See Eitel v.McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

The Court concludes that it has both subject matter and personal jurisdiction in this action. The Court further concludes that, under the *Eitel* factors, entry of default judgment is warranted in this case. Accordingly, the Court will enter default judgment in favor of Plaintiff.

### A.   Jurisdiction.

#### 1.   Subject Matter Jurisdiction.

Under 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States[.]" In this instance, Plaintiff alleges that it is a national banking association chartered under the laws of the United States and has its main office in the State of North Carolina. (Doc. 1, ¶ 2.) Plaintiff further alleges that Defendant "does not have a courthouse or fixed location" but

lists "a Lake Havasu City, Arizona post office box number." (*Id.*, ¶ 6) The Court is satisfied that it has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

### 2.   Personal Jurisdiction.

With regard to personal jurisdiction, The Federal Postal Court does not have a courthouse or fixed location, but its fraudulent filings list a Lake Havasu, Arizona post office box number. (*Id.*) On August 29, 2017, the Court granted Plaintiff leave to utilize alternative method of Service of Process. (Doc. 40.) On August 17, 2017, Plaintiff personally served Leighton Ward, the purported "Clerk of the Court" for The Federal Postal Court. (Doc. 41.) The Court is satisfied that it has personal jurisdiction over The Federal Postal Court. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("Personal jurisdiction over a defendant may be acquired in one of two ways: by personal service of that defendant or by means of a defendant's 'minimum contacts' with the jurisdiction.") The Court will next consider whether default judgment is proper under the *Eitel* factors.

### B.   The Eitel Factors.

When deciding whether to grant default judgment, a court should consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.. In applying the *Eitel* Factors, "the factual allegations of the complaint, except those relating to damages, will be taken as true." *Geddes*, 559 F.2d at 560.

### 1.   Possible Prejudice to Plaintiff.

The first *Eitel* factor considers the possibility of prejudice to Plaintiff if the Court does not enter a default judgment. *Eitel*, 782 F.2d at 1471. This factor weighs in favor of granting default judgment. Plaintiff served Defendant by delivering Summons and

- 4 -

Complaint upon Leighton Ward, the purported "Clerk of Court" for the Federal Postal Court, approximately eight months ago. (Doc. 41.) Defendant has not answered or otherwise responded to the Complaint. If Plaintiff's motion for default judgment is not granted, the sham judgment and sham writ at issue in this case, which purport to eliminate Plaintiff's security interest in real property located in Mohave County, Arizona, will remain in place and Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### 2.      Merits of Plaintiff's Claims and Sufficiency of Complaint.

Considering the relationship between the second and third *Eitel* factors, the Court considers the merits of Plaintiff's substantive claims and the sufficiency of the Complaint together. *See Eitel*, 782 F.2d at 1471. The Ninth Circuit Court of Appeals has suggested that, when combined, these factors require a plaintiff to "state a claim on which the plaintiff may recover." *PepsiCo*, 238 F. Supp. 2d at 1175.

Here, Plaintiff's claims regarding the fraudulent nature of the "Federal Postal Court" and "judgments" it purports to issue are likely meritorious. *See, e.g., Gilly v. Ocwen*, 2016 WL 868167 at *3 (D. Conn. March 7, 2016) (holding that the Federal Postal Court is a "sham"). What is more, Plaintiff's complaint clearly sets out the basis for Plaintiff's claims and states viable causes of action under Arizona Law (Ariz. Rev. Stat. § 33-420), and the Declaratory Judgment Act. (*See* Doc. 1, ¶¶ 27-46.) The Court finds that Plaintiff has sufficiently stated a claim.

### 3.      Amount of Money at Stake.

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of [the] [d]efendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. "This requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F.Supp.2d 916, 921 (C.D. Cal., 2010). Plaintiff is requesting the Court to declare the $11.7 million "judgment" recorded against Plaintiff to be invalid and to award statutory damages in the amount of $1000 plus post-default interest until paid.

(Doc. 39 at 2; Doc. 39-1 at 1.) As discussed below, the Court finds that an award of $1000 is appropriate and that this is proportional to the harm caused by the Defendant.

### 4. Possibility of Dispute Concerning Material Facts.

The fifth *Eitel* factor considers the possibility of dispute concerning the material facts. *Eitel*, 782 F.2d at 1471-72. In this instance, there is no possibility of dispute regarding material facts, because Defendant has made the offending recordings part of the public record. Given the sufficiency of the complaint and Defendant's default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *PepsiCo, Inc.,* 238 F.Supp.2d at 1177; *see Geddes,* 559 F.2d at 560.

### 5. Whether Default Was Due to Excusable Neglect.

The sixth *Eitel* factor considers whether the default was due to excusable neglect. *Eitel*, 782 F.2d at 1472. Here, there is no evidence that Defendant's failure to appear, or otherwise defend, is the result of excusable neglect. In August 2017, Plaintiff personally served Defendant. (*See* Doc. 41.) Defendant has not appeared or challenged Plaintiff's allegations in this action. Therefore, this factor weighs in favor of entering default judgment.

### 6. Policy Disfavoring Default Judgment.

Under the seventh *Eitel* factor, a court considers the policy that, whenever possible, cases should be tried on the merits. *Eitel*, 782 F.2d at 1472. The existence of Rule 55(b) of the Federal Rules of Civil Procedure, however, indicates that the preference for resolving cases on the merits is not absolute. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Since Defendant has neither appeared nor responded in this action, deciding the case on the merits is "impractical," if not impossible. *See id.* Thus, the seventh *Eitel* factor does not preclude the entry of default judgment.

On balance, the Court finds that the *Eitel* factors weigh in favor of entering default judgment against Defendant.

### C. Damages.

Having found that entry of default judgment is proper here, the next issue for the

Court to consider is that of damages. In contrast to other allegations in the Complaint, allegations pertaining to damages are not taken as true. *See TeleVideo Sys., Inc. v. Heidenhal*, 826 F.2d 91, 917-18 (9th Cir. 1987). As a result, "[p]lainiff is required to prove all damages sought in the complaint." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). "The plaintiff is required to provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." Fed. R. Civ. P. 54(c); *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011). "In determining damages, a court can rely on declarations submitted by the plaintiff . . . ." *Philip Morris USA, Inc.*, 219 F.R.D. at 498.

If the Court determines that the allegations in the complaint establish liability, it must next determine the amount and character of relief to award. *HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 947 (D. Ariz. 2013); *James v. Frame*, 6 F.3d 307, 310 (9th Cir. 1993) (a district court has "wide latitude" and discretion in determining the amount of damages to award upon default judgment). Un-liquidated and punitive damage require "proving up" at an evidentiary hearing or through other means. *HTS, Inc.*, 954 F. Supp. 2d at 948. "If [] cause is properly alleged in the complaint, it is admitted upon default. Injury is established and plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled." *Black & Decker, Inc. v. All Spares, Inc.*, No. CV-09-2126-PHX-MHM, 2010 WL 3034887, *3 (D. Ariz. Aug. 3, 2010) (citing *Philip Morris USA, 219 F.R.D. at 498.*).

Plaintiff asserts that a hearing is not necessary. Specifically, Plaintiff reasons that:

> [t]he Court is not being asked to: (a) conduct an accounting; (b) determine damages other than the statutory damages; (c) establish the truth of the allegations by evidence; or (d) investigate any other matter. [Plaintiff] seeks only statutory damages pursuant to A.R.S. § 33-420(C), which provides that a successful plaintiff in a wrongful recording claim is entitled to "the sum of not less than one thousand dollars . . . ." In addition, [Plaintiff] requests a declaratory judgment regarding the validity of the filings made on behalf of the "Federal Postal Court" and an injunction preventing Defendants from again recording fraudulent documents on behalf of the "Federal Postal Court" against [Plaintiff].

(Doc. 46 at 3.) The Court agrees and will grant Plaintiff's requested relief.

**IT IS ORDERED**:

1.    Plaintiff's Motion for Default Judgment (doc. 46) is **granted** as provided in this Order.

2.    The Clerk of Court is directed to enter judgment by default against Defendant Federal Postal Court in favor of Plaintiff as to the following claims:

(A)    For its claim under A.R.S. § 33-420, Plaintiff is awarded statutory damages in the amount of $1,000, plus post-default interest at the rate of 1.43% per annum until paid.

(B)    For its claim under 28 U.S.C. §§ 2201 et seq., the Court declares that the documents recorded in the Official Records of Mohave County, Arizona ("Official Records") at Instrument Nos. 2016-012907 and 2016-051859, styled respectively as a "Judgment" and a "Writ of Execution," issued by the "Federal Postal Court," are fraudulent and void. The documents recorded in the Official Records at Instrument Nos. 2016-012907 and 2016-051859 are of no legal effect.

(C)    For its claim for a permanent injunction, Defendant Federal Postal Court is permanently enjoined from: (1) creating or entering judgment against Plaintiff; (2) recording in the official records of any county or state any alleged judgment or a purported order or decree against Plaintiff; and (3) falsely representing to others that the Federal Postal Court is a tribunal authorized by the laws of the United States of America or any other state or local statute.

3.    Plaintiff will be awarded its reasonable attorneys' fees and costs against Defendant Federal Postal Court pursuant to A.R.S. § 33-420(C) upon timely submitting an application for the same.

**DATED** this 29th day of May, 2018.

Honorable Stephen M. McNamee
Senior United States District Judge